IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIV.NO. _____ ) |
| v. | ) ) |
| WESTERN ENERGY SERVICES OF DURANGO, INC., | ) ) |
| Defendant. | ) ) |

_____

**COMPLAINT AND JURY TRIAL DEMAND**
_____

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to make whole and provide appropriate relief to Eric Camron and Dennis Thomas. As discussed in greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that in August 2009 and September 2009, Defendant Western Energy Services of Durango, Inc. ("WESODI") refused to hire Eric Camron ("Mr. Camron"), then 72, because of his age. EEOC also alleges that in September 2009, WESODI refused to hire Dennis Thomas ("Mr. Thomas"), then 61, because of his age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), et seq. (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States Court for the District of New Mexico.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant WESODI is a Colorado Corporation that has continuously been doing business in the State of New Mexico and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## GENERAL ALLEGATIONS

6. More than thirty days prior to the institution of this lawsuit, Mr. Thomas and Mr. Camron filed charges of discrimination with the Commission alleging violations of the Age Discrimination in Employment Act by Defendant.

7. The Commission investigated Mr. Thomas' and Mr. Camron's charges of discrimination.

8. Based on evidence adduced during its investigation, the Commission issued a determination finding reasonable cause to believe Defendant engaged in certain unlawful employment practices identified in the determination.

9. The Commission's determination letter included an invitation for Defendant to join the Commission in informal methods of conciliation in an attempt to eliminate the alleged unlawful employment practices.

10. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

11. The Commission and Defendant were unable to reach an agreement in the conciliation process.

12. After the conciliation efforts were unsuccessful, the Commission sent notice to Defendant that conciliation failed.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Eric Camron was born on February 9, 1937, and was 72 years old at the time of WESODI's refusal to hire him for employment.

15. Dennis Thomas was born on October 2, 1948, and was 61 years old at the time of WESODI's refusal to hire him for employment.

16. WESODI is a wholly owned subsidiary company of La Plata Electric Association Inc. ("La Plata"), incorporated to assist La Plata with electrical utility work in the southwest area of New Mexico.

17. WESODI is separated into two different divisions: (1) line location and (2) line construction. The line location division assists in locating underground power lines, and the line construction division provides installation and maintenance of power and telecommunication utilities.

18. WESODI employed journeyman lineman, apprentice lineman, and equipment operator positions through a referral system with IBEW.

19. WESODI's hiring process is governed by a collective bargaining agreement which exclusively hires employees to work in the line construction division through the union referral process, including but not limited to, International Brotherhood of Electrical Workers Local Union ("IBEW") No. 611 and No. 969.

20. When a journeyman lineman vacancy position existed, WESODI contacted the local union for the next available union member with the requested skill qualifications.

21. During the relevant time period, Jerry Holland ("Holland") was employed as the Operations Manager for WESODI.

22. During the relevant time period, Jack Spargo ("Spargo") was employed as the Superintendent for WESODI.

23. Around August 4, 2009, IBEW Local Union No. 611 contacted Mr. Camron for work at WESODI's Hillsboro, New Mexico project.

24. When Mr. Camron reported to the local union hiring hall to accept his job assignment, Mr. Camron was informed by Spargo via telephone that he was not going to be hired due to his age, since there was a concern that Mr. Camron would not be able to keep up with the younger employees because the work environment was "go, go, go."

25. Mr. Spargo refused to hire Mr. Camron for the Hillsboro project, but promised to keep Mr. Camron in mind for an upcoming WESODI project in Farmington, New Mexico.

26. WESODI employed Brandon Bibiano, a 24-year-old with less experience than Mr. Camron, for the Hillsboro, New Mexico project.

27. In September 2009, WESODI contacted IBEW Local Union No. 611 in order to obtain a qualified journeyman lineman for its Farmington, New Mexico project.

28. Mr. Camron and Mr. Thomas were the first two qualified union members on the referral list for the Farmington project.

29. On September 9, 2009, Spargo rejected Mr. Thomas for employment, despite Mr. Thomas' acceptance of the job assignment in Farmington, New Mexico. Spargo expressly told the IBEW Local Union No. 611 dispatcher that the refusal was because of Mr. Thomas' age.

30. On September 10, 2009, Spargo told the IBEW Local Union No. 611 dispatcher that Mr. Camron "was too old" and did not "want [Camron] to hurt himself or wear himself out because of the difficulty of the work."

31. WESODI employed James Baca, a 28-year-old with less experience than Mr. Thomas and Mr. Camron, for the Farmington, New Mexico project.

32. WESODI refused to hire Mr. Camron and Mr. Thomas for projects in Hillsboro, New Mexico and Farmington, New Mexico due to their age and despite their vast work experience and work qualifications.

## FIRST CLAIM FOR RELIEF

[Age Discrimination -29 U.S.C. §623(a)(1)]

33. The allegations contained in paragraphs 6 through 32 are hereby incorporated by reference.

34. The effect of the practices complained of in paragraph(s) 6 through 32 above has been to deprive Eric Camron and Dennis Thomas of equal employment opportunities and otherwise adversely affect their status as an employee because of their age, Mr. Camron, then 72 years old, and Mr. Thomas, then 61 years old.

35. Defendant hired substantially younger, lesser qualified individuals, under the age of forty (40) to work as the journeyman lineman for the Hillsboro and Farmington projects in New Mexico.

36. By its conduct complained of above, Defendant WESODI engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by refusing to hire Eric Camron and Dennis Thomas because of their age.

37. The unlawful employment practices complained of in paragraphs 6 through 32 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

38. As a result of Defendant's conduct described herein, Mr. Camron and Mr. Thomas were deprived of wages and employment benefits.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant WESODI, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in conduct described above and any employment practices which discriminate on the basis of age against individuals 40 years of age and older;

B.	Order Defendant WESODI to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C.	Grant a judgment requiring Defendant WESODI to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Eric Camron and Dennis Thomas;

D.	Order Defendant WESODI to make whole Eric Camron and Dennis Thomas who were affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring with all attendant rights and benefits, and/or front pay;

E.	Grant such further relief as the Court deems necessary and proper in the public interest; and

F.	Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 27, 2011

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

RITA BYRNES KITTLE
Supervisory Trial Attorney
Denver Field Office

   /s/ *Christina Vigil*
CHRISTINA VIGIL
Trial Attorney

LORETTA MEDINA
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
505 Marquette NW, Suite 900
Albuquerque, NM 87102
(505) 248-5231
Fax: (505) 248-5217
christina.vigil@eeoc.gov

Attorneys for Plaintiff EEOC

**PLEASE NOTE:  It is sufficient for purposes of service on the Plaintiff Equal Employment Opportunity Commission that pleadings, notices, and any other court document be served upon the Trial Attorney.  Duplicate service is not required on the General Counsel or Associate General Counsel located in Washington, D.C.**