IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civ. No. 11-CV-0866/PJK/WDS |
| | ) |
| v. | ) ) |
| | ) |
| WESTERN ENERGY SERVICES OF DURANGO, INC., | ) ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, response to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery rules created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and meets the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as, but not limited to: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets

and commercial or financial information that is either privileged or confidential; (c) Form W-2s and other financial information; and (d) medical records.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendant; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order. Counsel shall maintain a record of the individuals to whom they provided documents marked CONFIDENTIAL.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:

"CONFIDENTIAL." CONFIDENTIAL information shall not be disclosed or used for any

purpose except for the preparation and trial of this case.

7.     Before any information is designated "CONFIDENTIAL," counsel of record for the

designating party must first review the information and make a determination, in good faith, that

the documents and/or information are confidential or otherwise entitled to protection under

Fed.R.Civ.P. 26(c).

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the

deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the

provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as

CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the

completion of the transcript.

9.     A party may object to the designation of particular CONFIDENTIAL information by

giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion, within thirty (30) days after the time the notice is received, requesting that the Court

determine whether the disputed information should be subject to the terms of this Protective

Order. If such a motion is timely filed, the disputed information shall be treated as

CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If

the designating party fails to file such a motion within the prescribed time, the disputed

information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as

CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed

under this provision, the party designating the information as CONFIDENTIAL shall bear the

burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

10.     This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL material

in depositions, pleadings, or motions, or at trial, or in post-trial motions or proceedings, provided

that such uses are related to the prosecution or defense of this case. Notwithstanding that

CONFIDENTIAL documents may be used, this Stipulated Protective Order does not waive any

right of any party to file a motion to seal all or a portion of papers and documents filed with the

Court.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document

and all copies thereof that have been designated as CONFIDENTIAL shall not be released,

disclosed, or utilized except as required by the Freedom of Information Act or upon express

permission of this Court after written notice to counsel for the party that produced the

documents.

12.     This Protective Order may be modified by the Court at any time for good cause shown

following notice to all parties and an opportunity for them to be heard.

        DATED __10__    September June, 2012, at Albuquerque, New Mexico.

                                        BY THE COURT:

                                        /s/ Paul Kelly, Jr.
                                        Judge -USCA 10
                                        Sitting by Designation

4

**AGREED AND APPROVED:**

_s/William E. Moench_  
William E. Moench, Esq.  
Senior Trial Attorney  
Telephone: (303) 866-1378  
william.moench@eeoc.gov  

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
Denver Field Office  
303 East 17th Avenue, Suite 410  
Denver, CO 80203  
Facsimile: (303) 866-1375  

D'Ontae Sylvertooth, Esq.  
Trial Attorney  
Telephone: (505) 248-5216  
d'ontaesylvertooth@eeoc.gov  

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
Albuquerque Area Office  
505 Marquette NW, Suite 900  
Albuquerque, NM 87102  
Facsimile: (505) 248-5217  

Attorneys for Plaintiff

_s/Michael C. Santo_  
Michael C. Santo, Esq.  
Telephone: (970) 683-5888  
santo@bechtelsanto.com  

Alicia M. Williams, Esq.  
Telephone: (970) 683-5888  
williams@bechtelsanto.com  

BECHTEL & SANTO, L.L.P.  
205 North 4th Street, Suite 300  
Grand Junction, CO 81501  
Facsimile: (970) 683-5887  

Kristina N. John, Esq.  
Telephone: (970) 247-1755  
kjohn@mbssllp.com  

MAYNES, BRADFORD, SHIPPS &  
SHEFTEL, L.L.P.  
835 East Second Ave, Suite 123  
Durango, CO 81302  
Facsimile: (970) 247-8827  

Attorneys for Defendant