IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
                Plaintiff, )
)   CIV No. 1:11-cv-00866 PJK/WDS
)
v. )
)
WESTERN ENERGY SERVICES OF )
DURANGO, INC. )
                Defendant. )
)

## CONSENT DECREE

### I. RECITALS

1.     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Western Energy Services of Durango, Inc., ("Defendant" or "WESODI") unlawfully discriminated against Eric Camron, then 72 years old, and Dennis Thomas, then 61 years old, by refusing to hire these two qualified candidates because of their age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), *et seq.* ("ADEA").

2.     The Parties signing this agreement are the Plaintiff EEOC and the Defendant WESODI. Tha parties agree that the terms of the Consent Decree are fair, reasonable, and adequate.

3.     The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns. The Parties further state that this Consent Decree resolves the claims raised by the EEOC in its Complaint, as well as the EEOC's claims of unfair employment practices that arise from Charge of Discrimination Number 543-2011-01795C, filed by Dennis Thomas.

5.     For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.     JURISDICTION

6.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

## III.     TERM AND SCOPE

7.     **Term:**  The duration of this Decree shall be three (3) years from the date of signing by the Court.

8.     **Scope:** The terms of this Decree shall apply to all WESODI owned facilities and locations in the United States.

## IV.     ISSUES RESOLVED

9.     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADEA that arise from Charge of Discrimination Number 543-2010-00114,

filed by Eric Camron, and Charge of Discrimination Number 543-2010-00205 filed by Dennis Thomas.

10. Defendant and their officers, agents, employees, successors, and all other persons in active concert or participation with it, or them, will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree in full.

## V. MONETARY RELIEF

11. WESODI agrees to pay the gross amount of twenty-five thousand dollars ($25,000) to Mr. Camron, representing settlement of Mr. Camron's claim for back pay, and the gross amount of sixty-five thousand dollars ($65,000) to Mr. Thomas, half of which is paid in settlement of Mr. Thomas's claim for back pay, and half of which is paid in settlement of Mr. Thomas's claim for liquidated damages.

12. WESODI's willingness to enter into this Consent Decree and pay the amounts identified in this Consent Decree is not an admission of any wrongdoing or liability by WESODI and WESODI denies any wrongdoing or liability.

13. In executing this Agreement, Defendant will not condition the receipt of the above-identified amounts to maintain as confidential the terms of this Decree or the facts of the case. Additionally, Defendant will not condition the receipt of individual relief identified above upon an agreement by Dennis Thomas to waive his statutory right to file a charge with any federal or state anti-discrimination agency.

14. Based on a W4 form provided by Eric Camron's estate and Dennis Thomas, Defendant shall make appropriate deductions from the back-pay portions of their settlement amounts, and provide Eric Camron's estate and Dennis Thomas a letter itemizing the deductions. Defendant

shall pay all employer-required payroll taxes and shall not deduct its share of taxes from the payments of back-pay. For amounts designated as liquidated damages payable to Dennis Thomas, Defendant shall make no deductions and shall issue a form 1099 to him.

**15.** The payments required under this Decree shall be mailed to the payee(s) within twenty (20) days after the Court's entry of the Consent Decree, and mailed to the addresses provided by the EEOC.

**16.** Within three (3) business days after payments are mailed to the payee(s), Defendant shall submit to EEOC a copy of the checks issued.

## VII.   EQUITABLE RELIEF

### A.   Injunctive Relief

**17.** WESODI, its officers, agents, successors, and any WESODI employee are permanently enjoined from engaging in any employment practice that constitutes unlawful discrimination on the basis of age as defined by the ADEA.

**18.** Defendant, their officers, agents, successors, and employees are permanently enjoined from engaging in any practice that constitutes reprisal or retaliation against any person because of such person's opposition to a practice made unlawful under the ADEA. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of a violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any

such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.     EEO Policy Review

**19.**     Within sixty (60) days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**20.**     The written EEO policies must include at a minimum:

**20.1.**     A strong and clear commitment to preventing unlawful age discrimination and retaliation based on protected activity;

**20.2.**     A clear and complete definition of disparate treatment based on age and retaliation based on protected activity;

**20.3**     A statement that discrimination based on age or retaliation based on protected activity is prohibited and will not be tolerated;

**20.4.**     A clear and strong encouragement of persons who believe they have been discriminated or retaliated against due to protected activity to report such concerns;

**20.5.**     The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination or retaliation;

**20.6.**     An assurance that Defendant will investigate allegations of unlawful discrimination promptly, fairly, reasonably and effectively, using appropriate means and methods, and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct if such is determined to exist;

**20.7.**     A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**20.8.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination and/or retaliation; and

**20.9.** An assurance of non-retaliation for persons who, in good-faith, report unlawful discrimination and/or retaliation, and for witnesses.

**21.** The written EEO policies, reviewed and revised under this Section shall be posted in a prominent location in all WESODI-owned facilities in the United States and distributed to each current employee within thirty (30) days of the Court's entry of the Consent Decree. The written EEO policies shall be distributed to all new employees when hired. Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

### C. Training

**22.** Defendant shall provide EEO training for all its employees each year of this Consent Decree as described below. Under this provision, employees will be trained at a minimum in the following areas: (a), what constitutes unlawful employment discrimination, including age discrimination; (b) what constitutes retaliation for complaining of, or participating in the investigation of, a complaint or protected activity; (c) the Defendant' policy(s) and procedures for reporting alleged discrimination; (d) understanding the kind of conduct which may constitute unlawful age discrimination; (e) the penalties of engaging in discriminatory behavior; and (f) Defendant' non-retaliation policy. All training under this Consent Decree shall be at Defendant's selection and expense. Training may be by live presentation, on-line interactive

training, and/or computer training, or a combination of the foregoing. The training will be conducted as follows:

22.1    Non-Managerial Employees

During the term of this Agreement, Defendant will provide non-managerial employees that WESODI employs for at least 120 days at least one (1) hour of training per year regarding workplace discrimination with, at a minimum, one (1) hour designated to covering age discrimination and unlawful retaliation. Training shall include clear instructions in how an employee is to notify Defendant if they have suffered from or witnessed discrimination. Defendant agrees that said training will also counsel employees on the penalties of engaging in such discriminatory behavior. Additionally, Defendant will require new non-managerial employees to complete the requisite training after one hundred and twenty days (120) days of being hired. The training may be divided into sessions of thirty (30) minutes or more, at the discretion of Defendant. Defendant will select a qualified trainer, such as a private trainer vendor, a trained human resource official or trained and qualified manager to conduct this training for non-managerial employees. If Defendant selects a manager to perform the non-managerial training required by this Consent Decree, the assigned manager must have received the training required by this Decree before conducting any non-managerial training.

22.2    Managerial and Supervisory Employees

During the term of this Agreement, Defendant will require all individuals who work in a managerial or supervisory capacity or who have hiring, firing, or disciplining authority, to receive at least eight (8) hours of training annually regarding the ADEA and other federal anti-discrimination laws. Four (4) of those hours shall incorporate the above requirements. In addition, Defendant shall designate at least two (2) of the four (4) hours to

addressing specifically age discrimination and retaliation. Defendant shall further designate at least two (2) of the remaining eight (8) hours for the instruction of managerial and supervisorial employees in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Defendant shall emphasize with managerial and supervisorial employees that, because of their position of power, such employees must be particularly vigilant not to discriminate, either consciously or because they rely on subconscious stereotypes; that they must be sensitive of how their actions or words might be perceived by subordinate employees; and that they must avoid the temptation to retaliate if a complaint is made, or might be made, against them. Defendant will also require employees who are newly hired or promoted into a managerial or supervisory position to complete the requisite eight (8) hours of discrimination-related training after one hundred and twenty days (120) of being hired or promoted, including the two (2) hours designated for training on age discrimination and retaliation. This training required by this Paragraph shall be conducted at Defendant's selection and expense by a qualified outside vendor.

    22.3    Human Resource Employees

Defendant will require all individuals who work in a human resource capacity to receive at least sixteen (16) hours of training annually regarding the ADEA and other federal anti-discrimination laws. Four (4) of those hours shall incorporate the above aforementioned requirements. In addition, Defendant shall designate at least four (4) of the sixteen (16) hours directly for training on age discrimination and retaliation. Defendant will require employees newly hired or promoted into a human resource position to complete six (6) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position. Defendant shall further designate at least three (3) hours of their sixteen (16) hours of annual

training to the instruction of human resources employees in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. This training required by this Paragraph shall be conducted at Defendant' selection and expense by a qualified outside vendor.

**23.**     Defendant agrees that the first such training session for each employee group identified above, will take place after one hundred and twenty days (120) after the Court's entry of this Decree. Defendant agrees that all personnel shall both register and attend the seminar training sessions. In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, and identify the individuals providing the training.

### D.     Posting of Notice

**24.**     Within five (5) business days after the Court's entry of this Consent Decree, Defendant shall post in a conspicuous place in each of WESODI-owned facilities or locations of operation, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

### VIII.     Record Keeping and Reporting Provisions

**25.**     For the term of this Consent Decree, Defendant shall maintain all records concerning

implementation of this Consent Decree, including all of the following:

    **25.1.**    Personnel files;

    **25.2.**    Payroll records;

    **25.3**    Job Postings;

    **25.4**    Work schedules; and

    **25.5**    Complaints of age discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, findings, and remedial steps.

**26.**    Defendant shall provide semi-annual reports for each six (6)-month period following the entry of the Decree. The reports shall be due thirty (30) days following the respective six (6)-month period, except the final report which shall be submitted to the Commission eight (8) weeks prior to the date on which the Consent Decree is to expire.

**27.**    **Reporting Requirements:** Each report shall provide the following information:

    **27.1.**    **Reports of Discrimination**

        For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to Defendant's Managers or Human Resources Department that alleges discrimination, or the witnessing of discrimination, based on age, the suffering or witnessing of conduct which a supervisor or manager recognizes as presenting an allegation of age discrimination, even if such terminology is not used by the complainant. The report will include:

    a.    The name, address, and telephone number of each person making a complaint of age discrimination to Defendant or to any federal, state, or local government agency.

    b.    The name, address, and telephone number of each person identified as a potential witness to the incident of discrimination.

    c.    A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any, resolution was reached; and

    d.    Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**27.2. Complaints of Retaliation**

For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint made to Defendant's Managers or Human Resources Director that alleges retaliation for activity that is protected under Title VII or the ADEA or alleges retaliation for conduct which the Defendant recognizes as protected activity under any of those statutes even if the complainant does not use such terminology. The report shall include:

    a.    The name, address and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency.

  b. The name, address and telephone number of each person identified as a potential witness to the incident of retaliation.

  c. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any, resolution was reached; and

  d. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

### 27.3. Training

**27.3.1.** For each training program required under this Consent Decree and conducted during the reporting period, Defendant shall submit a registry of attendance.

**27.3.2.** For each training program required under this Consent Decree that is provided off-site from Defendant's facilities, and completed during the reporting period, Defendant shall provide a certificate of completion.

**27.3.3.** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**27.3.4.** For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**27.4. Posting of Notice:** Defendant shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**27.5. Policy Review:** Defendant shall report on the status of the EEO policy review process required above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**28.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**29.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**30.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**31.** Absent extension, this Decree shall expire by its own terms at the end of the sixtieth (60) month from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

**32.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

33. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

34. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

To Plaintiff:

William Moench
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO 80203
Telephone: (303) 866-1378

To Defendant:

Michel Santo
Alicia Williams
Bechtel & Santo, LLP
205 North 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: (970) 683-5888

## XIII. SIGNATURES

34. The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2013.

BY THE COURT:

_____
United States District Court Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office

By: _____
    Mary Jo O'Neill
    Regional Attorney

Date: _____

WESODI

By: *Steve Summy CEO*
    [Insert Name]   STEVE SUMMY
    [Insert Title]    CEO

Date: 4/4/13

33. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

34. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

To Plaintiff:

William Moench
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO 80203
Telephone: (303) 866-1378

To Defendant:

Michel Santo
Alicia Williams
Bechtel & Santo, LLP
205 North 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: (970) 683-5888

## XIII. SIGNATURES

34. The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this __8th__ day of __April__, 2013.

BY THE COURT:

_____
Paul Kelly Jr.
United States District Court Judge
Circuit
Sitting by Designation

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office

By: _____
Mary Jo O'Neill
Regional Attorney

Date: __4/3/13__

WESODI

By: _____
[Insert Name]
[Insert Title]

Date: _____

APPROVED AS TO FORM:

*/s/ William Moench*

For Plaintiff:

William Moench
Senior Trial Attorney
Equal Employment Opportunity
Commission
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO 80203
Telephone: (303) 866-1378

D'Ontae D. Sylvertooth
Trial Attorney
Equal Employment Opportunity
Commission
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New MM 87102-2189
Telephone: (505) 248-2516

*/s/ Michael Santo*

For Defendant:

Michael Santo
Alicia Williams

Bechtel & Santo, LLP
205 North 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: (970) 683-5888

EXHIBIT A

(Notice)

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Western Energy Services of Durango Inc. ("WESODI"), filed in the United States District Court for the District of New Mexico, Civil Action No. 1:11-cv-00866 PJK/WDS.

Management of WESODI wishes to emphasize the Company's fundamental policy of providing equal employment opportunity across all fields of operations and areas of employment. WESODI seeks to ensure that there shall be no discrimination against any employee, or any applicant for employment, on the grounds of sex, race, color, religion, pregnancy, national origin, age, disability, or genetic history. This policy extends to all terms, conditions and privileges of employment, including decisions regarding firing, hiring and compensation.

Pursuant to the Age Discrimination in Employment Act, it is unlawful for an employer to discriminate against an applicant or employee because of their age. Further, it is unlawful for an employer to retaliate against an employee because he or she has reported discrimination, opposed discriminatory employment practices, or because he or she filed a charge of discrimination with the company or any municipal, state or federal agency, or participated in the investigation or prosecution of a complaint of discrimination.

WESODI respects the right of its employees and applicants to work in an environment free from discrimination. Accordingly, WESODI reaffirms its commitment to complying with the strictures of the ADEA and reiterates that it is our policy to prohibit all discrimination based on age. The company also forbids any form of retaliation against individuals who complain of, or who serve as witnesses against, discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of sex, age, race, color, religion, pregnancy, national origin, disability, or genetic history, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at WESODI will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of five years.

WESODI

By: _Steve Summy_ (signature) Date: 4-04-13